UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ARTHUR LEE MURRAY,

       Plaintiff,

v.

    Case No. 1:09-CV-577

    HON. GORDON J. QUIST

STATE OF MICHIGAN and DEPARTMENT
OF HEALTH AND HUMAN SERVICES,

       Defendants.

                               /

## OPINION

Plaintiff, Arthur Lee Murray ("Murray"), has filed a *pro se* complaint against Defendants, the State of Michigan and the Department of Health and Human Services ("DHS").[1] Defendants have moved for dismissal pursuant to Fed. R. Civ. P. 12(b)(1) and (2) or, alternatively, for summary judgment pursuant to Fed. R. Civ. P. 56. Murray has not responded to the motion. The Court will grant the motion for the reasons set forth below.

### BACKGROUND

Murray's allegations in his complaint are rambling, incoherent, and difficult to follow. The crux of his claim, however, appears to be that his gas was shut off at his house due to his failure to pay his gas bill. Murray alleges that he "filed the necessary forms, the papers, the documents for assistance" based on emergency needs and he met the eligibility requirements for assistance. He further alleges that he "paid his portion of his bills out of his pocket at [sic] timely fashion and or

---

[1] It is unclear from Murray's complaint whether he sues the State of Michigan and the Michigan Department of Human Services or only the Michigan Department of Human Services, although both Defendants have responded by filing a motion to dismiss or for summary judgment.

manner." Although not entirely clear, Murray seems to allege that DHS either failed or refused to approve his application for emergency assistance, even though he met all eligibility requirements, and that DTE Energy thereafter shut his gas off because he could not pay his bill. Murray alleges that his federal and state civil rights were violated. In particular, he references the First and Sixth Amendments, as well as the Equal Protection Clause and various types of discrimination.

In support of their motion, Defendants attach DHS documents showing that in June 2009, Murray was approved for $550 in State Emergency Relief Funds. Although Murray submitted his application for emergency relief in early June 2009, his application was not processed and approved until June 26, 2009, due to an office move and adjustments to a newly-implemented computer system. In the meantime, however, Murray's gas was shut off on approximately June 17. His service was reactivated on June 29, 2009, after the $550 was posted to his account.

Murray filed his complaint on June 24, 2009. On June 29, 2009, the magistrate judge issued an order granting Murray leave to proceed *in forma pauperis*. Defendants thereafter filed the instant motion.

### DISCUSSION

Although Defendants move to dismiss or for summary judgment, the Court concludes that Murray's complaint is subject to dismissal for failure to state a claim under Rule 12(b)(6). In addition, although not raised by the State, the Court concludes that dismissal is proper because the State and the DHS are immune from suits seeking monetary relief.

A complaint may be dismissed for failure to state a claim if "'it fails to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more

than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 129 S. Ct. at 1949. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Ashcroft*, 129 S. Ct. at 1950 (quoting FED. R. CIV. P. 8(a)(2)). Because Murray is *pro se*, the Court must read his complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept his allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009). Murray fails to state a claim under § 1983 because he does not allege which, if any, of his federal constitutional rights was violated. While Murray's allegations show that he is complaining that the DHS did not act quickly enough on his application for emergency assistance, he does not specifically link that failure to a violation of a specific right. His references to various constitutional rights are no more than mere labels and at best conclusory.

Even giving Murray the benefit of *pro se* status in construing his complaint, his allegations fail to meet minimal pleading requirements.

Murray's complaint is also subject to dismissal for another reason. Pursuant to 28 U.S.C. § 1915(e)(2), the Court is required to dismiss any action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2); *see also Benson v. O'Brian*, 179 F.3d 1014, 1016 (6th Cir. 1999) (holding that "§ 1915(e)(2) applies only to in forma pauperis proceedings"). Murray's claim, whatever it is, is barred because the State and the DHS are immune from suit under the Eleventh Amendment. "It is a fundamental principle of our federalism that the Eleventh Amendment bars suit against a state or one of its agencies in federal court without its consent." *Salt Lick Bancorp v. FDIC*, 187 F. App'x 428, 442 (6th Cir. 2006). This is true regardless of the relief sought. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100, 104 S. Ct. 900, 908 (1964). Because Michigan has not waived its immunity to suit under the Eleventh Amendment, *see Doe v. Wigginton*, 21 F.3d 733, 736-37 (6th Cir. 1994), Murray's complaint must be dismissed.

## CONCLUSION

For the foregoing reasons, the Court will grant Defendants' motion and dismiss Murray's complaint.

A Judgment consistent with this Opinion will be entered.


Dated: November 20, 2009                    /s/ Gordon J. Quist
                                    GORDON J. QUIST
                                    UNITED STATES DISTRICT JUDGE